KATZ, District Judge,
concurring.
I write separately to explain my limited concurrence and express my view of the district court’s opinion. My concurrence is limited to agreement with my colleagues that the failure to admit and then consider extrinsic evidence offered by the Plaintiffs, after having accepted and relied upon extrinsic evidence offered by Defendant, was erroneous and justifies reversal and remand. Extrinsic evidence could have impact upon both the determination of the ambiguity of contract language as well as the monetary value to be assigned to the Quicksilver tokens.
That being said, I believe that the conclusion reached in the district court’s well-reasoned opinion concerning the method of calculating “net win” was supported by the evidence and facts that were before the court. On remand, I presume those determinations may well prove to be justified and the district court’s basic opinion to be restated unless some newly admitted and considered extrinsic evidence compels a different result.